AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

<table>
<tr><td>United States of America<br>v.<br><br><br>Corey Deshone Curry<br><br>Defendant(s)</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.  2:26-MJ-30</td></tr>
</table>

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 2 2026

CLERK, U.S. DISTRICT COURT
By:_____
Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____February 7, 2026_____ in the county of _____Randall_____ in the _____Northern_____ District of _____Texas_____ , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
Complainant's signature

Sy Slover, ATF TFO
_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: ___2/12/2026___

_____
Judge's signature

City and state: _____Amarillo, Texas_____

Lee Ann Reno, U.S. Magistrate Judge
_____
Printed name and title

<u>2:26-MJ-30</u>

## <u>AFFIDAVIT IN SUPPORT OF COMPLAINT</u>

I, Sy R. Slover, affiant herein, being duly sworn, state that I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Amarillo Satellite Office stationed in Amarillo, TX. I have been employed with the Amarillo Police Department for (12) years. As part of my duties as a TFO, I investigate criminal violations related to firearms and firearm distribution. I have been involved in several investigations involving firearms and the recovery of firearms from prohibited persons. The information contained in this affidavit is based upon my personal experience and information relayed to me by other law enforcement officers involved in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause to believe a crime has been committed and that the defendant committed it, I have not included each and every fact known to me in this affidavit.

As a result of my training and experience, I am familiar with federal firearms laws, including 18 U.S.C. §§ 922(g)(1), 924(a)(8), which makes it unlawful for a convicted felon to possess a firearm.  There are four elements to this offense: (1) that the defendant knowingly possessed a firearm or ammunition as charged; (2) that before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; (3) that the defendant knew he had been convicted of such a crime; and (4) that the firearm or ammunition possessed traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or

1

between any part of the United States and any other country.

On February 7, 2026, Amarillo Police Department officers were dispatched to the area of SW 34th and Lenwood Drive on shots fired in the area. Sgt. Grazier was in the area looking into the calls that came in. Sgt. Grazier located a black male walking in the roadway at the intersection of SW 34th and Lenwood. The male was later identified at Corey Deshone CURRY. When Sgt. Grazier attempted to contact CURRY, CURRY walked towards the driver's side of the patrol car and began shouting at Sgt. Grazier. Sgt. Grazier had asked CURRY to step out of the roadway and CURRY continued to yell at officers. Sgt. Grazier's report stated that he could smell alcohol on CURRY's breath and believed CURRY was intoxicated.

Sgt. Grazier continued to speak with CURRY and CURRY remained argumentative as Sgt. Grazier tried to explain why he was in the area and stopping and talking to CURRY. Sgt. Grazier told CURRY that he was in the area on a shots fired call and asked CURRY if he was carrying a gun. Sgt. Grazier told CURRY to turn around so he could pat him down for weapons. CURRY turned around and attempted to place his hands in the front pocket of his hoodie. Sgt. Grazier grabbed onto CURRY and a struggle occurred. Randall County Sheriff's Office Deputies were on scene to assist with the altercation. During the struggle a firearm was located inside CURRY's hoodie pocket. Once CURRY was in handcuffs, Sgt. Grazier turned CURRY over so he could sit up and catch his breath. CURRY started to spit on officers when he sat up. CURRY continued to yell at officers stating he wanted to fight. When CURRY was being placed into a patrol car CURRY again spit on

2

officers and leaned back and kicked Sgt. Grazier in the leg. Officer ran CURRY for warrants and found CURRY to be wanted for Assault Family Violence out of Potter County Texas.

The Firearm that was recovered was a Sig Sauer P365, S/N: 66F343432 loaded with a 17-round magazine and 16 rounds of unfired ammunition.

A criminal history check showed that CURRY has previously been convicted of a felony in the state of Texas. For example, CURRY has a previous a felony conviction for Burglary of Habitation, for which CURRY was sentenced to serve seven years in the Texas Department of Criminal Justice (TDCJ). CURRY has also been convicted of the felony offense of Aggravated Assault with a Deadly Weapon, for which he was sentenced to served 10 years in TDCJ. Curry, therefore, knew that he was a convicted felon because he has multiple felony convictions and has served significate sentences in TDCJ.

Sig Sauer firearms are not manufactured in the State of Texas. Therefore, the firearm described in this complaint must have traveled in or affected interstate or foreign commerce; that is, before CURRY possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

Based on my training, education, and experience, and the information provided to me, I believe that Corey Deshone CURRY violated Title 18, United State Code, Sections

3

922(g)(1) and 924(a)(8), by being a convicted felon in possession of a firearm and ammunition.

_____
Sy R. Slover
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms,
and Explosives

Attested to by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1:

_____
Lee Ann Reno
United States Magistrate Judge

_____
Anna Marie Bell
Assistant United States Attorney

4