IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                    NO. 2:26-CR-020-Z

COREY DESHONE CURRY

## FACTUAL RESUME

In support of Corey Deshone Curry's plea of guilty to the offense in Count One of

the indictment, Curry, the defendant, Felipe Zavala, the defendant's attorney, and the

United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of a

Firearm, the government must prove each of the following elements beyond a reasonable

doubt:[1]

*First.*    That the defendant knowingly possessed a firearm as charged in the indictment;

*Second.*    That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.*    That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D (5th Cir. 2024 ed.).

**Corey Deshone Curry**
**Factual Resume—Page 1**

*Fourth.*      That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

## STIPULATED FACTS

1.      Corey Deshone Curry, defendant, admits and agrees that on or about February 7, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he was a person who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he did knowingly possess in or affecting interstate or foreign commerce, a firearm, to wit: a Sig Sauer, model P365, 9mm caliber semi-automatic handgun, serial number 66F343432, knowing he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code Sections 922(g)(1) and 924(a)(8).

2.      On February 7, 2026, Amarillo Police Department (APD) officers were dispatched to the area of SW 34th and Lenwood Drive on a shots fired call. An APD officer responded to the area and observed Corey Deshone Curry walking in the roadway. The officer attempted to make contact with Curry. Curry walked towards the driver's side of the officer's patrol car and began shouting at the officer. The officer asked Curry to step out of the roadway. Curry continued to yell at the officer.

3.      The officer asked Curry if Curry was carrying a firearm. The officer told Curry to turn around so the officer could pat Curry down for weapons. Curry turned around and attempted to place his hands in the front pocket of his hoodie. The officer grabbed Curry and a struggle ensued. Additional officers arrived on scene to assist.

Corey Deshone Curry
Factual Resume—Page 2

During the struggle, officers located a Sig Sauer, model P365, 9mm caliber semi-automatic handgun, serial number 66F343432, in Curry's hoodie pocket. Curry was arrested for an outstanding warrant out of Potter County.

4.     Before Curry possessed the above-described firearm, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and he knew he had been convicted of a felony offense. Specifically, on February 19, 2016, the defendant was convicted of the felony offense of aggravated assault with a deadly weapon in Collingsworth County, Texas, in cause number 2716.

5.     Curry admits that the firearm functioned as designed and, therefore, was or could readily have been put in operating condition. Further, Curry admits that the firearm was not manufactured in the State of Texas. For example, the Sig Sauer, model P365, 9mm caliber semi-automatic handgun, serial number 66F343432, was manufactured in Newington, New Hampshire. Because the firearm was found in Texas on February 7, 2026, it must have traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time between any part of the United States or a foreign country.

6.     The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

Corey Deshone Curry
Factual Resume—Page 3

7.    The defendant further admits and agrees that he possessed the above-described firearm in violation of 18 U.S.C. § 922(g)(1) and it is, therefore, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), including any additional ammunition, magazines, or accessories recovered with the firearms.

AGREED TO AND STIPULATED on this 9th day of _____June_____, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
Corey Deshone Curry
Defendant

_____
Felipe Zavala
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov